IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GEORGE DINKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 307-043 |
| | ) |
| ALLAN SMALLEY, Correctional Officer, | ) |
| Wheeler Correctional Facility, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R") (doc. no. 9), to which objections (doc. no. 11) have been filed.[1]

The Magistrate Judge recommended that the above-captioned case be dismissed without prejudice as a sanction for abuse of the judicial process.[2] (Doc. no. 7). Plaintiff objects to the R&R because he submits that his failure to properly answer any question in the above-captioned complaint was the result of a mistake and not an attempt to provide dishonest information. (Doc. no. 11, p. 1). According to Plaintiff, "by writing no to [the

---

[1] The Court notes that Plaintiff filed a "Request for an Extension of Time." (Doc. no. 11). Plaintiff's objections were timely, and thus, this motion is **MOOT**.

[2] Specifically, the Magistrate Judge recommended dismissal because, although Plaintiff indicated that he has not commenced any lawsuits in federal court dealing with facts other than those involved in this action, Plaintiff had filed at least one other case in federal court that he failed to disclose in the above-captioned complaint. (Doc. no. 9).

question seeking disclosure of previous lawsuits], [he] did not understand what was being asked at that time." (Id. at 2). Plaintiff maintains that he has an eleventh grade education and that he is not an attorney, and thus, he did not understand all the questions in the complaint. (Id. at 1-2). Furthermore, Plaintiff asserts that the cases he failed to disclose in the above-captioned complaint did not have "anything to do with this one" and that "[he] had nothing to hide." (Id. at 2). Finally, Plaintiff states, "[he] wrote down what [he] thought was the correct response." (Id. at 2-3).

Plaintiff's objections are without merit. As the Magistrate Judge correctly noted, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" clearly requires that prisoner plaintiffs to "*describe each lawsuit* in the space below." (Doc. no. 1, p. 1-2 (emphasis added)). The form makes no reference to cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant. Furthermore, the form states, "While incarcerated or detained in any facility, *have you brought any lawsuits* in federal court which deal with the facts other than those involved in this action." (Id. at 2 (emphasis added)). In response, Plaintiff clearly indicated that he had not brought any previous lawsuits. Nothing in Plaintiff's complaint suggests that he misunderstood the question or that he mistakenly provided false information. Although Plaintiff may not have intended to deceive the Court, the fact remains that he did in fact provide dishonest information concerning his filing history. As the Magistrate Judge explained, the Court cannot tolerate any false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened. (Doc. no. 7, p. 4 (citing Rivera v. Parker, Case

2

No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996))). As such, Plaintiff's arguments are all without merit.

In conclusion, the Magistrate Judge's December 14, 2007 R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for abuse of judicial process, and this civil action is **CLOSED**.

SO ORDERED this 14 day of January, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE